2022 IL App (1st) 182475-U

SIXTH DIVISION
January 7, 2022

No. 1-18-2475

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Respondent-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 05 C2 220374, 07 CR 2677, & 07 CR 2678 |
| MANUEL BERNABE, | ) ) ) | The Honorable |
| Petitioner-Appellee. | ) ) | Lauren Gottainer Edidin Judge, presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Mikva and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1  *Held*: We affirm the circuit court's dismissal of petitioner's postconviction petition at the second stage where petitioner failed to rebut the presumption that postconviction counsel provided reasonable assistance.

¶ 2  Petitioner, Manuel Bernabe, appeals from the dismissal of his postconviction petition at the second stage. His postconviction petition alleged ineffective assistance of trial and appellate counsel for their handling of his 2008 guilty plea and the dismissal of his direct appeal from the denial of his motion to withdraw that plea. The circuit court dismissed the petition as untimely. On

appeal, petitioner primarily argues that postconviction counsel failed to comply with Rule 651(c) by failing to amend his petition to avoid procedural bars. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In 2008, petitioner pleaded guilty to one count of retail theft, one count of violating probation, and two counts of forgery to resolve three separate criminal cases, and he was sentenced to four years' imprisonment. Within 30 days of sentencing, petitioner moved to withdraw his plea, alleging his counsel, Marco Reyes, provided ineffective assistance by advising him to plead guilty.

¶ 5     The motion to withdraw his guilty plea alleged petitioner had been represented by a public defender in his retail theft cases but was unhappy with that representation. On the day of trial, April 7, 2008, both the State and the public defender answered ready for trial. Reyes filed an appearance, and the public defender withdrew. Prior to April 7, 2008, petitioner met once with Reyes, and they largely discussed Reyes's fee. Reyes did not have access to any discovery materials in the case and conducted no investigation. Reyes appeared in court on April 7. Reyes told petitioner he could not represent him because the case was set for trial that day but advised petitioner to enter a "blind" guilty plea and request a continuance for sentencing. Reyes advised petitioner he could withdraw his plea within 30 days and Reyes could take the case to trial if petitioner came up with more money. Petitioner felt pressured to plead guilty because the trial judge was not going to grant a continuance and petitioner did not want to proceed to trial with the public defender. Petitioner pleaded guilty and got a continuance for sentencing, but immediately regretted pleading guilty. The record reflects the trial court advised petitioner about the charges and potential sentences and advised him of his rights. Petitioner acknowledged that his plea was voluntary and not coerced, and the trial court heard the factual basis for the plea. The trial court accepted the plea and continued the case for sentencing. Shortly after petitioner pleaded guilty,

petitioner wrote Reyes saying he wanted to withdraw his plea, but Reyes did not respond. Reyes failed to appear at the next scheduled court date of May 12, 2008. Sentencing was delayed because petitioner, who was also facing separate charges of solicitation of murder, underwent a fitness examination and was ultimately found fit to stand trial on those charges. Petitioner was sentenced on September 11, 2008, and was admonished about his right to withdraw his plea. He filed a *pro se* motion to withdraw the guilty plea within 30 days of sentencing.

¶ 6       The circuit court held a hearing on the motion to withdraw the guilty plea. Petitioner and Reyes testified. Petitioner testified he wanted a continuance of his April 7 trial and Reyes told him the only way to get a continuance was to plead guilty, even though Reyes had none of the discovery in the case and had conducted no investigation. He wanted Reyes to represent him at trial, but Reyes demanded more money. Reyes said petitioner could withdraw his plea within 30 days and Reyes would take the case to trial. Petitioner was unable to reach Reyes after pleading guilty and when he saw Reyes in court in May 2008, Reyes said it was too late to withdraw the plea. Reyes, who represented petitioner at sentencing, made mistakes at the hearing, including telling the trial court that petitioner was single with no children, when in fact petitioner was divorced with two children.

¶ 7       Reyes testified he was no longer a private attorney and was employed by the public defender's office. He met with petitioner on April 2, 2008, and learned that petitioner's case was set for trial on April 7. Petitioner was interested in getting a continuance and, for some reason, wanted to keep returning to the municipal courthouse in Skokie. Reyes spoke to petitioner on April 7 in the lockup. Reyes had just received the discovery and was not ready for trial. He knew from experience that the trial judge would not give a continuance on the day of trial to a newly retained private attorney. Petitioner wanted to "keep returning to Skokie as many times as possible" and to

3

get back some property held by police. Reyes learned there had been a previous Rule 402 conference at which petitioner had been offered the minimum sentence with some of the charges dropped. He told petitioner the only way to get a continuance was through a blind plea, which would get him at least one more court date. Petitioner mentioned once in passing on May 15 that he wanted to withdraw his plea, but Reyes said there was no good faith basis for doing so. Prior to April 7, Reyes had not reviewed any discovery, conducted any investigation, or spoken with the State's Attorney or petitioner's public defender. He admitted he had not done enough investigation to advise petitioner about proceeding to trial or taking a plea and had stipulated to the factual basis of the plea while only having done a perfunctory review of the police reports.

¶ 8    The circuit court denied the motion to withdraw the plea, finding petitioner had been fully admonished as to his rights at the time he pleaded guilty. The circuit court found Reyes's testimony highly credible and found petitioner not credible. Petitioner filed a notice of appeal docketed in this court as appeal No. 1-09-2743. The appellate defender, however, voluntarily dismissed the appeal in November 2010.

¶ 9    In March 2014, petitioner filed the *pro se* postconviction petition at issue here. He alleged the dismissal of appeal No. 1-09-2743 was "coerced" by the appellate defender. He also alleged Reyes (1) failed to gather information about his cases prior to petitioner's plea; (2) inaccurately advised petitioner that he could withdraw his plea within 30 days of the plea; (3) placed petitioner in jeopardy by suggesting a blind plea rather than a negotiated plea; (4) inaccurately described petitioner as single with no children at sentencing; (5) ignored petitioner's attempts to contact him after the plea; (6) promised that the four year sentence imposed would be covered by time served and would not affect his 15 year prison sentence for solicitation of murder; and (7) was only

interested in getting more money from petitioner. No records or other evidence were attached to the petition.

¶ 10    The public defender sought to withdraw as petitioner's postconviction counsel because Reyes worked in the public defender's office. The circuit court denied the motion. On March 30, 2018, postconviction counsel filed a Rule 651(c) certificate asserting she had consulted with petitioner by letter and phone, had examined the transcript of his guilty plea and sentencing hearings, and had elected not to file an amended postconviction petition because the *pro se* petition "does adequately set forth the petitioner's claims of deprivation of his constitutional rights." On July 20, 2018, the State filed a motion to dismiss the petition, arguing that it was untimely, barred by *res judicata* and forfeiture, and not supported by petitioner's affidavit or other supporting documentation. The circuit court dismissed the petition after hearing argument, finding petitioner's claims "procedurally barred," "insufficient as a matter of law," and "untimely." Petitioner filed a timely notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, petitioner argues his postconviction counsel failed to comply with Rule 651(c) by failing to amend his petition to avoid procedural bars, include a claim of ineffective assistance of appellate counsel, and provide documentary support for his claims.

¶ 13    At the second stage of postconviction proceedings, a petitioner is entitled to reasonable assistance of counsel. *People v. Suarez*, 224 Ill. 2d. 37, 42 (2007). Rule 651(c) imposes three duties on postconviction counsel: (1) consult with the petitioner by phone, mail, electronic means, or in person to determine the petitioner's contention of deprivation of their constitutional rights, (2) examine the record of the prior proceedings, and (3) make any amendments necessary for an adequate presentation of the petitioner's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). A Rule

651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided the petitioner with reasonable assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. That presumption, however, may be rebutted by the record. *Id.*; *People v. Lander*, 215 Ill. 2d 577, 584 (2005); see also *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 28 (observing that when faced with a facially valid 651(c) certificate, the question is "whether the record positively rebuts the presumption of reasonableness."). We review *de novo* an attorney's compliance with Rule 651(c), as well the dismissal of a postconviction petition on the State's motion. *Profit*, 2012 IL App (1st) 101307, ¶ 17.

¶ 14    Here, postconviction counsel presumptively provided reasonable assistance because she submitted a facially valid Rule 651(c) certificate asserting that she had (1) consulted with petitioner by letter and phone, (2) obtained and reviewed the transcript of his guilty plea and sentencing, and (3) she determined that "the *pro se* petition for relief does adequately sets [*sic*] forth the petitioner's claims of deprivation of his constitutional rights." Petitioner bears the burden of establishing that the record rebuts that presumption. We find that he has not done so.

¶ 15    Petitioner argues his postconviction counsel failed to make any amendments to the petition to explain the delay in filing the petition and argues that the record contains no justification for his untimely filing because "postconviction counsel failed in her duty to represent petitioner. Because the record is silent on the issue of culpable negligence, it was postconviction counsel's duty to bring to light any facts supporting this claim."

¶ 16    It is indisputable that petitioner's petition was untimely. The Post-Conviction Hearing Act (Act) provides that a postconviction petition must be filed either within (1) six months of the conclusion of proceedings on petition for writ of *certiorari* in the United States Supreme Court; (2) if no *certiorari* petition is filed, within six months from the date for filing a *certiorari* petition;

or (3) if petitioner did not file a direct appeal from the judgment, within three years from the date of conviction. 725 ILCS 5/122-1(c) (West 2016)). These deadlines may be excused if the petitioner presents facts showing that the delay was not due to his culpable negligence. *Id.*

¶ 17    Here, petitioner pleaded guilty on April 7, 2008, was sentenced on September 11, 2008, his motion to withdraw the plea was denied September 29, 2009, and his direct appeal was voluntarily dismissed on November 4, 2010. Under any measure, petitioner needed to file his petition on or before May 4, 2011. He did not file his *pro se* petition until March 2014, which was untimely under section 122-1(c) of the Act.

¶ 18    Petitioner argues that it was postconviction counsel's duty to amend the petition to include an explanation for the untimely filing. Petitioner's argument is consistent with the general rules that once counsel is appointed, they are responsible "for presenting the reasons for the late filing in an effort to establish lack of culpable negligence and avoid dismissal of the petition as untimely." *People v. Perkins*, 229 Ill. 2d 34, 47 (2007). The court in *Perkins* explained

> "Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence. In discharging this duty, counsel must inquire of the petitioner whether there is any excuse for the delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner. Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims." *Id.* at 49-50.

¶ 19    Here, petitioner does not identify any known facts that would explain an untimely filing. We find that the record in this appeal does not rebut the presumption that postconviction counsel

provided reasonable assistance. Petitioner does not direct our attention to any portion of the record showing that postconviction counsel was unfamiliar with the timing requirements under section 122-1(c) of the Act or the need to demonstrate that an untimely petition was not the result of petitioner's culpable negligence. Postconviction counsel was on notice of the State's timeliness arguments when the State filed its motion to dismiss and then argued at the hearing that the petition was untimely. Petitioner does not direct our attention to any portion of the record showing that postconviction counsel did not communicate with petitioner in the manner established by her Rule 651(c) certificate. Petitioner does not argue that any portion of the record presumptively reviewed by postconviction counsel contained any information that might bear on whether the delay in filing was not due to petitioner's culpable negligence. Counsel's Rule 651(c) certificate asserted the petition "adequately sets forth the petitioner's claims," and postconviction counsel argued at the hearing on the State's motion to dismiss that she believed petitioner's petition "could stand on its own." Apart from arguing on appeal that unaddressed procedural barriers doomed his petition, petitioner makes no argument that his counsel was derelict in shaping his petition's contentions. In other words, petitioner does not direct our attention to any portion of the record showing that counsel did not comply with Rule 651(c). Instead, he argues generally that counsel should have amended his petition to address procedural barriers. He does not advance any theories as to the specific amendments counsel should have made. We find that petitioner has not rebutted the presumption that his counsel provided reasonable assistance.

¶ 20    We find guidance in *Perkins*. There, the petitioner filed a *pro se* petition that was advanced to the second stage, where his appointed counsel filed a Rule 651(c) certificate and did not amend the petition. *Id.* at 37-38. The State moved to dismiss the petition as untimely because it was not filed within the time prescribed by section 122-1(c) of the Code. *Id.* at 38-39. At the hearing on

the State's motion, postconviction counsel argued in rebuttal and in response to the circuit court's questioning that the petition was timely because the appellate court vacated two of the petitioner's convictions on direct appeal, which gave rise to his specific postconviction claim that he was not subject to mandatory supervised release, and the appellate court's judgment restarted the clock on the time for filing a postconviction petition. *Id.* at 39. Counsel also argued that the limitations period was flexible, and the circuit court could consider equitable factors. *Id.* The circuit court dismissed the petition as untimely. *Id.* at 39-40. We reversed, finding postconviction counsel's arguments definitively showed a lack of familiarity with the law and thus counsel could not have complied with Rule 651(c). *Id.* at 40. The supreme court granted leave to appeal.

¶ 21    The supreme court examined Rule 651(c) and determined that postconviction counsel has a duty to "amend a *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence." *Id.* at 49. The court found the record before it did "not establish that counsel was unfamiliar with the Act's timeliness requirements" because the requirements were outlined in the State's motion to dismiss, and the State reasserted the requirements at the hearing on the State's motion. *Id.* at 50-51. The court also noted that "[c]ounsel is presumed to know the law" (*id.* at 51), and it was "difficult to believe counsel was unaware of the applicable legal standards" given that the State argued the issue of timeliness in its motion to dismiss and at the hearing (*id.*). The court concluded that counsel "in effect argued the delay was not due to petitioner's culpable negligence" by asserting that petitioner could not have raised the issue earlier because it only arose once the appellate court vacated two of his convictions. *Id.* The court concluded by observing:

>          "Counsel's argument may not have been particularly compelling and his other
>          arguments may have been legally without merit. Those factors, however, do not

demonstrate that there was some other excuse counsel could have raised for the delay in filing. There is nothing in the record to indicate that petitioner had any other excuse showing the delay in filing was not due to his culpable negligence. We cannot assume there was some other excuse counsel failed to raise for the delay in filing. Counsel's argument was apparently the best option available based on the facts." *Id.*

¶ 22    Here, like in *Perkins*, the petition was not timely, postconviction counsel filed a Rule 651(c), and counsel did not amend the petition. Counsel was on notice of the State's timeliness argument and was undoubtedly aware of the timing requirement, as well as the provision of the Code that might excuse an untimely petition where the delay in filing is not due to the petitioner's culpable negligence. In *Perkins*, postconviction counsel advanced legal and equitable arguments to try to save the petition from being dismissed as untimely, although the supreme court ultimately concluded that those arguments either were not compelling or lacked merit and found no other excuses supported by the record to save the untimely petition. Here, there were no facts in the record showing some excuse for the untimely filing. We presume counsel was familiar with the timeliness requirement, and nothing in the record positively suggests that postconviction counsel was unaware of the legal standards for excusing an untimely filing. The fact that postconviction counsel did not make any argument to show the delay in filing the petition was not due to petitioner's culpable negligence suggests that there were no facts available to meet that standard.

¶ 23    Petitioner's brief argues that postconviction counsel should have amended the *pro se* petition "to include an explanation for the untimely filing." In his reply brief, petitioner argues that the record contains no justification for his untimely filing because "postconviction counsel failed in her duty to represent petitioner. Because the record is silent on the issue of culpable negligence,

it was postconviction counsel's duty to bring to light any facts supporting this claim." But petitioner does not identify what arguments his postconviction counsel could have made to avoid the State's timeliness argument. Where a petitioner presents only a generic argument and does not specify what arguments his counsel could have made to avoid a procedural bar, "we will not find that postconviction counsel provided unreasonable assistance in failing to make unspecified arguments." *Profit*, 2012 IL App (1st) 101307, ¶ 29.

¶ 24 Petitioner also argues that postconviction counsel should have withdrawn if she believed that the petition had no merit. This argument misses the mark because the record reflects that postconviction counsel believed that the petition could stand on its own, and therefore there is no record evidence to support petitioner's assertion that counsel believed the petition lacked merit. We also note petitioner makes no argument on appeal as to whether the *pro se* petition adequately presented his contentions, and instead focuses all his arguments on postconviction counsel's failure to avoid procedural barriers.

¶ 25 Petitioner has not shown that the record rebuts the presumption that his postconviction counsel provided reasonable assistance. There is nothing in the record to suggest that counsel could have done anything to avoid dismissal of the petition on timeliness grounds. The petition was therefore properly dismissed as untimely. We do not need to reach petitioner's other arguments on appeal.

¶ 26                                        III. CONCLUSION

¶ 27 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28 Affirmed.

11