2024 IL App (1st) 210569-U

No. 1-21-0569

Order filed March 14, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 03 CR 22647 |
| CHRISTOPHER GUISE, | ) ) | Honorable Lawrence E. Flood, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not err in dismissing Guise's petition at the second stage of postconviction proceedings where the petition was untimely filed and postconviction counsel provided reasonable assistance.

¶ 2     Defendant Christopher Guise appeals the circuit court's order granting the State's motion to dismiss his *pro se* petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) at the second stage of proceedings. Guise argues that appointed postconviction counsel failed to provide reasonable assistance because he violated Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) by not amending the *pro se* petition "to show that

its late filing was not due to [Guise]'s culpable negligence, or even to inquire as to a reason for a delay." For the following reasons, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4    Following a 2004 bench trial, Guise was found guilty of the first degree murder of Earl McGinnis and was sentenced to 34 years' imprisonment.

¶ 5    The evidence at trial showed that early on September 20, 2003, Guise left a party in an apartment on Division Street in Chicago after drinking punch containing vodka and smoking five cigars laced with marijuana. Feeling unwell and dizzy after drinking the punch, he went to the first-floor lobby, where he encountered McGinnis and confronted him about a debt. After they exchanged words, Guise "grabbed" McGinnis, who in turn "grabbed" Guise and displayed a closed pocketknife. Guise responded by beating and kicking McGinnis until he lost consciousness. Guise left McGinnis in the lobby.

¶ 6    Dominique Doyle, who had also been at the party and knew Guise, found McGinnis's body on the building's first floor that morning. Shortly afterwards, Doyle saw Guise, who had blood on his shirt and appeared to have been involved in a fight . Doyle told Guise a body was in the hallway; Guise approached McGinnis's body and kicked him in the head multiple times.

¶ 7    When police arrived, Guise hid on an upper floor of the building. He was apprehended and admitted to killing McGinnis. In a videotaped confession, which the State published at trial, Guise denied having been on any controlled substance when he killed McGinnis. The State also

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

introduced evidence that DNA collected from Guise's person and clothing matched McGinnis's and that blood from the pocketknife was McGinnis's and not Guise's.

¶ 8    Guise testified he was not intoxicated when he gave his statement to the police.

¶ 9    During closing arguments, defense counsel argued that Guise had been involuntarily intoxicated during the altercation. Counsel asked the trial court to find that Guise acted in self-defense or, alternatively, to find him guilty of the lesser-included offense of second degree murder.

¶ 10    On February 9, 2007, this court affirmed Guise's conviction over his contention that trial counsel failed to investigate and present evidence in support of a defense of involuntary intoxication. *People v. Guise*, No. 1-05-0723 (2007) (unpublished order under Rule 23). On March 26, 2008, the supreme court denied Guise's petition for leave to appeal. *People v. Guise*, 227 Ill. 2d 589 (2008).

¶ 11    On February 15, 2018, Guise filed a *pro se* postconviction petition pursuant to the Act. He alleged that his conviction violates the sixth and fourteenth amendments of the federal constitution, that the evidence was insufficient to prove his guilt beyond a reasonable doubt, and that he received ineffective assistance of trial and appellate counsel.

¶ 12    The circuit court took the matter under review on March 8, 2018, and again on April 10, 2018.

¶ 13    On or about April 24, 2018, the court docketed the petition, noting Guise raised ineffective assistance of counsel claims, and appointed postconviction counsel. At subsequent hearings, appointed postconviction counsel informed the court that he had been in contact with Guise, was examining the record, and was investigating the matter.

¶ 14    On January 24, 2020, counsel filed a certificate pursuant to Rule 651(c) and informed the court, "We have talked to the client. We looked at the record, looked at the proceedings and we're not going to supplement." The certificate states:

> "1. I have consulted with the petitioner *** by phone and email to ascertain his contentions of deprivation of constitutional rights.
>
> 2. I have examined the record of proceedings at his trial and sentencing, including the common law record, report of proceedings and any exhibits in possession of the Clerk of the Circuit Court.
>
> 3. As the *pro se* petition provides an adequate presentation of petitioner's contentions, no amendments have been made."

¶ 15    The State filed a motion to dismiss the petition on untimeliness and other grounds, noting Guise had not petitioned our supreme court for leave to appeal this court's affirmance of his conviction. Therefore, according to the State, Guise "had until September 16, 2007, to file his [postconviction] claims." The record on appeal does not indicate that Guise filed a response to the State's motion or amended the *pro se* petition.

¶ 16    A hearing on the State's motion to dismiss the petition took place on March 23, 2021. The record on appeal does not contain a report of those proceedings but rather the parties' agreed statement of facts regarding the hearing.[2]  See Ill. Sup. Ct. R. 323(d) (eff. July 1, 2017) ("The parties by written stipulation may agree upon a statement of facts material to the controversy and file it without certification in lieu of and within the time for filing a report of proceedings.").

---

[2]The record includes an affidavit of an official court reporter for the Circuit Court of Cook County, Criminal Division, stating that the reporter, after a diligent search, found no record of the relevant case having been called before the assigned judge on March 23, 2021.

¶ 17    According to the statement, the State argued at the hearing that Guise's petition was untimely, that several of his claims were forfeited because they could have been raised on direct appeal, that Guise had not received ineffective assistance of trial or appellate counsel, and that he had not made the "substantial showing" of a violation of a constitutional right. Regarding defense counsel's participation, the statement solely recites, "[a]t the hearing the defense argued against the State's motion to dismiss, relying largely on issues raised in the *pro se* petition filed in 2018."

¶ 18    On May 6, 2021, the circuit court granted the State's motion to dismiss for two reasons, reading its ruling into the record. First, the *pro se* petition was untimely and had been filed "approximately 11 years" after it "should have been filed." The court noted that although a delay may be excused where a petitioner shows that he was not culpably negligent, Guise neither made such showing nor addressed the issue "in his pleadings." Second, the court found that Guise failed to allege sufficient facts for a claim of ineffective assistance of trial or appellate counsel.

¶ 19                                    II. ANALYSIS

¶ 20    Guise appeals the second stage dismissal of his petition, arguing remand is necessary because postconviction counsel violated Rule 651(c).

¶ 21    The Act provides a three-stage mechanism that allows a criminal defendant to obtain relief where his conviction resulted from a substantial denial of a constitutionally guaranteed right. 725 ILCS 5/122-1(a) (West 2016); *People v. House*, 2021 IL 125124, ¶¶ 15-16. Proceedings under the Act are not an appeal of the underlying judgment but " 'a collateral attack on the judgment.' " *House*, 2021 IL 125124, ¶ 15 (quoting *People v. Evans*, 186 Ill. 2d 83, 89 (1999)). The filing of a postconviction petition in the circuit court initiates the first stage of proceedings. 725 ILCS 5/122-1(b) (West 2016). The court must independently review the petition to determine whether it "is

frivolous or is patently without merit." 725 ILCS 5/122-2.1(a) (West 2018). If the court finds the petition is frivolous or patently without merit, it may summarily dismiss the petition. *Id.*; *House*, 2021 IL 125124, ¶ 16. The untimeliness of the filing of the petition is not a proper basis for dismissal at the first stage. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). A petition that is not dismissed at the first stage of proceedings must be docketed for further consideration. 725 ILCS 5/122-2.1(b) (West 2018).

¶ 22    If a petition advances to the second stage, postconviction counsel is appointed to represent the defendant if he is *pro se* and indigent. 725 ILCS 5/122-4 (West 2018). Additionally, the State may file responsive pleadings. 725 ILCS 5/122-5 (West 2018). If the court determines that the petition, considered with any accompanying documentation, makes a "substantial showing" of a constitutional violation, the petition is advanced to the third stage for an evidentiary hearing. *House*, 2021 IL 125124, ¶ 17; 725 ILCS 5/122-6 (West 2018). However, where the petition was untimely filed, and the State, at the second stage, moves to dismiss on that ground, the Act directs that the circuit court dismiss the petition unless the defendant alleges facts showing he is not culpably negligent for the delay. *Perkins*, 229 Ill. 2d at 43 (citing 725 ILCS 5/122-1(c) (West 2002)).

¶ 23    The Act provides that, in a noncapital case where, as here, the defendant did not file a petition for *certiorari* in the United States Supreme Court, postconviction proceedings must be commenced within six months from the date for filing a *certiorari* petition, "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2016). This time limitation is inapplicable to a petition that sets forth a claim of actual innocence. *Id.*

¶ 24    As noted, on March 26, 2008, our supreme court denied Guise's petition for leave to appeal our order affirming his conviction. *Guise*, 227 Ill. 2d 589. A petition for *certiorari* would have been due within 90 days from such denial, *i.e.*, by June 24, 2008. U.S. S. Ct. R. 13.1 (eff. May 2, 2005). Thus, Guise's postconviction petition had to be filed within six months thereof—by December 24, 2008—unless he either alleged facts showing the delay in filing his untimely 2018 petition was not due to his culpable negligence or asserted a claim of actual innocence. 725 ILCS 5/122-1(c) (West 2016).

¶ 25    Guise's postconviction petition did not assert a claim of actual innocence, and he concedes he untimely filed his petition without alleging facts showing absence of culpable negligence for the late filing. Nevertheless, he argues remand is required because postconviction counsel violated Rule 651(c) by failing "to amend the petition to show that [Guise] was not culpably negligent in its untimely filing" and because "a review of the record showed counsel never made an inquiry on whether an excuse [for the untimeliness] existed."

¶ 26    The State responds that the circuit court properly dismissed Guise's petition as untimely, noting that postconviction counsel's filing of the Rule 651(c) certificate raises a presumption of reasonable assistance, and that Guise fails to rebut this presumption where he "offers no facts" to support a finding that the delay was not due to his culpable negligence.

¶ 27    A criminal defendant's right to counsel in postconviction proceedings is not constitutional but is derived from the Act. *People v. Huff*, 2024 IL 128492, ¶ 21. Whereas a defendant in a criminal case has constitutionally guaranteed rights to "effective assistance" of trial and appellate counsel, "a defendant in postconviction proceedings is entitled to only a 'reasonable' level of

assistance, which is less than that afforded by the federal or [Illinois] constitutions." *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006).

¶ 28    Rule 651(c) provides that where a defendant appeals a judgment in a postconviction proceeding, he or his counsel "shall, upon written request, be provided the postconviction report of proceedings and any relevant report of proceedings not previously provided." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Further:

> "The record filed in [the circuit] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney [1] has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, [2] has examined the record of the proceedings at the trial, and [3] has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." *Id.*

¶ 29    Rule 651(c) is intended to ensure that postconviction counsel "shapes the petitioner's claims into proper legal form and presents [them] to the court." *Perkins*, 229 Ill. 2d at 43-44. Accordingly, the rule requires counsel to amend an untimely *pro se* petition to allege any available facts that may establish that the delay was not due to the petitioner's culpable negligence. *Id.* at 49. To properly discharge this duty, "counsel must inquire of the petitioner whether there is any excuse for the delay in filing." *Id.* While any potential excuse for the filing delay will often be discovered by counsel in speaking with the defendant, counsel "must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present [the defendant]'s claims." *Id.* at 49-50.

¶ 30 As noted, the "showing" required by Rule 651(c) may be made by counsel's filing of a certificate, which raises a rebuttable presumption that counsel complied with Rule 651(c) and that the defendant received reasonable assistance of postconviction counsel. *People v. Smith*, 2022 IL 126940, ¶ 29. The burden is on the defendant to rebut the presumption (*Huff*, 2024 IL 128492, ¶ 23) "by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)" (*People v. Profit*, 2012 IL App (1st) 101307, ¶ 19).

¶ 31 We review *de novo* whether postconviction counsel substantially complied with Rule 651(c). *People v. Collins*, 2021 IL App (1st) 170597, ¶ 31. If we find that counsel failed to substantially comply with Rule 651(c), we must remand without considering the postconviction claims on the merits. *People v. Addison*, 2023 IL 127119, ¶ 33.

¶ 32 Having carefully reviewed the record, we find no basis for remand as Guise has not overcome the presumption that counsel substantially complied with Rule 651(c).

¶ 33 The certificate that postconviction counsel filed in this case substantially tracks the express requirements of Rule 651(c), raising the rebuttable presumption that counsel complied with the rule and provided reasonable assistance. *Smith*, 2022 IL 126940, ¶ 29; *Profit*, 2012 IL App (1st) 101307, ¶ 19. The parties' Rule 323(d) agreed statement of facts regarding the hearing on the motion to dismiss, offered in the absence of a report of proceedings, does not describe postconviction counsel's performance other than to state that he "argued against" the State's motion to dismiss by "relying largely" on issues raised in the petition itself. The statement thus does not definitively state whether counsel addressed the allegation of untimeliness, let alone that counsel failed to address the timeliness issue.

¶ 34    Further, the record does not reveal "any available facts" showing that Guise was not culpably negligent in the untimely filing that counsel might have asserted in an amended petition to overcome this procedural bar. See *Perkins*, 229 Ill. 2d at 37. In fact, as our supreme court recently noted in *Huff*, 2024 IL 128492, where postconviction counsel files a Rule 651(c) certificate, "[i]t is presumed from the lack of an amendment [to a postconviction petition] that there were none to be made." *Id.* ¶ 24 (citing *Perkins*, 229 Ill. 2d at 50).

¶ 35    Nor does the record otherwise suggest that counsel failed to consult with Guise or to meet any other Rule 651(c) obligations. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Rather, the record demonstrates that, in addition to filing the Rule 651(c) certificate, counsel informed the court, "We have talked to the client. We looked at the record, looked at the proceedings and we're not going to supplement [the *pro se* petition]."

¶ 36    Guise does not dispute this, but nevertheless argues that our supreme court's ruling in *Perkins* requires remand because the record discloses no affirmative proof that postconviction counsel "inquired from [Guise] for a reason why the petition was untimely filed." In setting forth this argument, Guise interprets the holding in *Perkins* to require that, notwithstanding the filing of a Rule 651(c) certificate, the record must also affirmatively show that counsel inquired of the defendant for a reason why the petition was untimely. We disagree with that interpretation.

¶ 37    In *Perkins*, postconviction counsel filed a Rule 651(c) certificate stating in part that no amendments to the defendant's *pro se* postconviction petition were necessary to adequately present the petition's claims. *Perkins*, 229 Ill. 2d at 38. The State moved to dismiss the petition on untimeliness grounds at the second stage, and counsel argued in response that the petition was timely because an intervening decision by this court had "restarted the time for filing a

postconviction petition." *Id.* at 39. The circuit court disagreed with the defendant and granted the motion to dismiss. *Id.* at 40. The appellate court reversed on the ground that counsel's argument during the hearing on the motion to dismiss revealed he misunderstood the applicable law, and our supreme court granted the State's petition for leave to appeal. *Id.* at 38-41.

¶ 38     In the supreme court, the State argued that Rule 651(c) "does not require [postconviction] counsel to *** allege a lack of culpable negligence or to go outside the record and pleadings to find evidence to excuse the petitioner's untimely filing." *Id.* at 41. Defendant responded that whenever the State argues the petition is untimely "counsel must allege facts to show a lack of culpable negligence" in order to meet Rule 651(c)'s third mandate, *i.e.*, to amend the petition to adequately present the defendant's substantive claims. *Id.*

¶ 39     The supreme court reversed the appellate court and affirmed the circuit court's dismissal of the petition as untimely. *Id.* at 53. From Rule 651(c)'s third mandate, the supreme court identified counsel's duties to (1) amend an untimely postconviction petition to allege "any available facts" to avoid the procedural bar of untimeliness and, (2) in discharging this duty, to inquire of the defendant the reasons for the delay. *Id.* at 49. However, the supreme court pointed out that by filing the Rule 651(c) certificate counsel "assur[ed] the court that he complied with each of the requirements of that rule." *Id.* at 50. It found "nothing in the record to indicate that petitioner had any other excuse showing the delay in filing was not due to his culpable negligence" and declined to "assume there was some other excuse counsel failed to raise for the delay in filing." *Id.* at 51.

¶ 40 Here, as in *Perkins*, counsel filed a Rule 651(c) certificate and thus assured the court that he complied with each of the requirements of that rule, including that he inquired of Guise the reasons for the untimeliness. See *id.* at 50.

¶ 41 Also as in *Perkins*, nothing in the record rebuts that presumption, *i.e.*, suggests that counsel did not inquire of Guise regarding the delay or had a basis to argue that the petition was timely or that Guise was not culpably negligent. Nor was counsel obligated to advance legally meritless arguments. See *id.* at 51 (counsel's unsuccessful argument at the motion to dismiss hearing was "apparently the best option available based on the facts," and any other arguments he may have had but did not advance "may have been legally without merit"); *People v. Greer*, 212 Ill. 2d 192, 205 (2004) ("Fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims.").

¶ 42 We similarly reject Guise's reliance on *People v. Carson*, 2021 IL App (1st) 1190810-U, where we reversed the circuit court's order granting the State's motion to dismiss a postconviction petition on untimeliness grounds. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) ("a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes"). At the hearing on the motion to dismiss, postconviction counsel, who had filed a Rule 651(c) certificate and not amended the untimely petition, made no argument regarding the defendant's lack of culpable negligence for the late filing. *Carson*, 2021 IL App (1st) 1190810-U, ¶¶ 19-21.

¶ 43 Counsel did, however, make statements that revealed an erroneous belief that the docketing of the petition and his appointment as counsel by the court had resolved the issue of untimeliness. *Id.* ¶¶ 19-21, 39. Counsel's statements revealed that counsel had failed to meet his *Perkins*

obligation to inquire of the defendant as to the reasons for the delay, where counsel was unaware that the petition was untimely and apparently did not examine the issue, and the record did not show he otherwise addressed the issue of untimeliness in a court filing or with the defendant. *Id.* ¶¶ 35, 39-41 (citing *Perkins*, 229 Ill. 2d at 49-50). Thus, the defendant successfully rebutted the presumption, raised by counsel's Rule 651(c) certificate, that counsel complied with the rule. *Carson*, 2021 IL App (1st) 1190810-U, ¶ 39.

¶ 44    Unlike in *Carson*, in the case at bar, we do not have a record of proceedings from the pertinent hearing but rather an agreed statement of facts that does not detail the statements that postconviction counsel made at the motion hearing. More importantly, unlike in *Carson*, neither the stipulation nor the record affirmatively demonstrates that counsel was ignorant of the law or his obligations under *Perkins*. Given this record, we decline to find the presumption of compliance created by counsel's Rule 651(c) certificate rebutted by the mere *absence* of additional record evidence of compliance. See *People v. Waldrop*, IL App (2d) 220052-U, ¶ 32 (the record did not rebut the presumption raised by counsel's Rule 651(c) certificate; "[w]e presume *** counsel conferred with defendant about the untimeliness of the *pro se* petition and learned nothing to support an allegation that defendant was not culpably negligent," although "it would have been preferable" had counsel expressly addressed the issue) (citing *Perkins*, 229 Ill. 2d at 49). Again, as postconviction counsel filed a Rule 651(c) certificate, we presume from the lack of an amendment to the postconviction petition "that there were none to be made." *Huff*, 2024 IL 128492, ¶ 24.[3]

---

[3]Following the parties' submission of briefs, this court allowed Guise's motion to cite as additional persuasive authority *People v. Galley*, 2023 IL App (5th) 220689-U. In *Galley*, the Fifth District found postconviction counsel provided unreasonable assistance where she filed an amended postconviction petition that alleged trial counsel was ineffective in failing to call " 'certain witnesses' "—thereby averring

¶ 45　Finally, we reject Guise's argument that postconviction counsel's failure to refute certain assertions in the State's motion to dismiss and comments by the circuit court make it "reasonable to infer" that counsel was not "even aware of [Guise]'s original statutory period [for] filing his claim" such that the presumption of compliance created by the Rule 651(c) certificate is rebutted by the record.

¶ 46　As Guise points out, the State's motion to dismiss incorrectly states that (1) Guise did not petition our supreme court for leave to appeal the affirmance of his conviction (he did petition), and (2) the deadline for filing his postconviction petition was September 16, 2007 (some 15 months before the actual deadline in December 2008). Further, during the hearing, the court stated that Guise filed his petition about "11 years" late, suggesting it accepted the State's incorrect calculation of the deadline.

¶ 47　The statement of facts does not affirmatively demonstrate that postconviction counsel failed to address the State's and the court's incorrect calculations regarding the deadline for the petition. But even if counsel did fail to point out that the deadline lapsed in 2008 rather than in 2007, this would not provide a basis for remand given that Guise filed the petition in 2018. Whether Guise filed the petition 10 years too late or 11 years, it was untimely. Without "any available facts" indicating Guise was not culpably negligent in causing the delay (*Perkins*, 229 Ill. 2d at 37, 48,

such claim was nonfrivolous—but "failed to allege specific facts" to support such claim. *Id.* ¶¶ 25-26 (noting that if counsel found the claim to be frivolous, she should have omitted it from the amended petition).

　　*Galley* is inapplicable to the issue in this appeal. Counsel here did not file an amended petition, and the failure to assert a lack of culpable negligence does not render the claims in an untimely initial petition "frivolous," as the State may waive or forfeit the untimeliness defense. See *People v. Perkins*, 229 Ill. 2d 34, 43 (2007) ("[W]hen a petition is not timely filed under the Act, to have any chance to present a petitioner's constitutional claims at the second stage of proceedings it is necessary either to: (1) obtain the State's waiver or forfeiture of the untimeliness defense; or (2) attempt to overcome the time bar by alleging lack of culpable negligence in the late filing.").

49, 53), any assertion of the correct deadline by counsel at the motion hearing would have served no strategic purpose while effectively conceding that the petition was untimely.

¶ 48    In sum, the record on appeal does not demonstrate whether postconviction counsel complied with Rule 651(c) by inquiring of Guise regarding the delay in filing the postconviction petition. But counsel filed a Rule 651(c) certificate, raising the rebuttable presumption that counsel substantially complied with the rule and that the Guise received reasonable assistance of postconviction counsel. Guise has failed to rebut that presumption.

¶ 49                                    III. CONCLUSION

¶ 50    For the foregoing reasons, we affirm the order of the circuit court of Cook County.

¶ 51    Affirmed.