2025 IL App (1st) 240332-U

No. 1-24-0332

Fifth Division
November 14, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 C 22019501 |
| | ) | |
| JUAN TORRES, | ) | Honorable |
| | ) | Anjana Hansen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Mitchell and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court's order granting the State's motion to dismiss defendant's postconviction petition is affirmed where postconviction counsel provided reasonable assistance as contemplated by the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)).

¶ 2   Defendant Juan Torres appeals from the second-stage dismissal of his successive petition

for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)).

Torres contends he received unreasonable assistance of postconviction counsel because counsel

failed to amend his petition to allege his lack of culpable negligence in filing his untimely petition, raised a new claim for the first time at the hearing on the State's motion to dismiss the petition without amending it, and failed to amend his petition to respond to the State's argument that his guilty plea waived his claims. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4      Torres was indicted for two counts of aggravated sexual assault, three counts of home invasion, two counts of criminal sexual assault, two counts of residential burglary, three counts of aggravated battery, and one count of criminal trespass to a residence. On October 5, 2012, after a Rule 402 plea bargain conference, the court conducted a hearing during which Torres, who used a Spanish/English interpreter, entered a guilty plea to two counts of aggravated criminal sexual assault. He was sentenced to two consecutive 20-year terms of imprisonment. The remaining counts were dismissed.

¶ 5      If the case had proceeded to trial, the State would have presented evidence that on March 28, 2010, at approximately 1 a.m., Torres entered the window of the first-floor bedroom of 88-year-old J.D.'s residence at the Asbury Court Retirement Home in Des Plaines, Illinois. He pulled down J.D.'s undergarments and engaged in vaginal and anal intercourse with her by force. J.D. did not consent to Torres entering her apartment or to any sexual contact. The fingerprints recovered from the scene matched Torres's fingerprints. In addition, Torres gave a statement to police admitting to committing the offense. Torres stipulated to those facts.

¶ 6      The court made findings on the record that Torres knew of the charges and possible sentences, that he was waiving his right to a jury trial, that he had not been threatened or coerced

- 2 -

to plead guilty, and that this plea could have immigration consequences. The court then accepted the plea and notified Torres he had 30 days in which to file a motion to vacate his plea.

¶ 7    More than seven years later, on January 15, 2020, Torres filed the current *pro se* postconviction petition to vacate his conviction, alleging plea counsel was ineffective for failing to advise him of the 30-day period in which to withdraw his plea of guilty; his sentence for one of his convictions should be vacated under the one-act, one-crime rule; the State manipulated him and his plea counsel into him pleading guilty based on his inability to comprehend English; and his sentence should be lowered. Torres's petition advanced to the second stage and the court appointed Assistant Public Defender (APD) Tiffin Prince-Horton to represent him.

¶ 8    On January 10, 2022, APD Prince-Horton filed an amended certificate pursuant to Illinois Supreme Court Rule 651(c), stating she had conferred with Torres through a Spanish interpreter and familiarized herself with the case, and that Torres adequately set forth his claims in the *pro se* petition. The State filed a motion to dismiss the petition on September 25, 2023, arguing Torres's postconviction petition was untimely because it was not filed within three years of his conviction as required by section 122-1(c) of the Act (725 ILCS 5/122-1(c) (West 2022)) and he had not asserted he lacked culpable negligence for failing to timely file. The State also argued that Torres did not allege his plea was involuntary and the record showed he had been properly admonished of the consequences of his plea. Furthermore, the State argued his claim regarding the one-act, one crime doctrine was meritless and procedurally barred.

¶ 9    The court heard arguments on the petition and the State's motion to dismiss on January 26, 2024. The State argued the points in its motion. APD Price-Horton recounted the efforts she undertook after she was appointed to represent Torres at second-stage postconviction proceedings,

including reviewing the court file, reviewing the statute, subpoenaing police records, reading the transcripts, and speaking with the Spanish interpreter. APD Price-Horton noted that Torres had told her that "the translator did not properly translate what he was saying in court." APD Price-Horton further stated that when she spoke with the interpreter, the interpreter indicated that she correctly translated the court proceeding as she was "mandated to do." APD Price-Horton further stated that she did not amend Torres's *pro se* petition because she believed it "correctly stated his due process violations." In reply, the State argued that Torres was clearly admonished at the plea hearing and stated he understood, rebutting his claim.

¶ 10    The court granted the State's motion to dismiss. The court said it reviewed the transcripts of the plea hearing, which reflected Torres was asked "several times throughout the plea whether or not he understood." Torres responded "each and every time" that he understood the proceedings. Based on the transcripts, the court found Torres's claims about improper admonishments, lack of understanding, and mistranslation were rebutted by the record. Further, the court stated that Torres's petition was untimely, and he did not state any constitutional claims.

¶ 11    This appeal followed.

¶ 12                                    ANALYSIS

¶ 13    Torres argues that he received unreasonable assistance of postconviction counsel when she failed to raise meritorious claims and by not adequately consulting with him or amending his petition. Specifically, Torres argues that postconviction counsel failed to amend his *pro se* petition to shape his claims to respond to the State's claims of procedural default or to include the new claim raised at the hearing on the State's motion to dismiss that the Spanish interpreter misinterpreted for Torres. The State argues that postconviction counsel filed a facially compliant

Rule 651(c) certificate and Torres failed to rebut the presumption that counsel provided reasonable assistance.

¶ 14    At the second stage of postconviction proceedings, appointment of counsel is a statutory, rather than constitutional, right. 725 ILCS 5/122-4 (West 2018); *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Under the Act, a petitioner is entitled to a "reasonable" level of assistance of counsel. *People v. Addison*, 2023 IL 127119, ¶ 19. To ensure this level of assistance, Rule 651(c) imposes three duties on appointed postconviction counsel. *Id.* ¶ 20. Either the record or a certificate filed by the attorney must show that counsel (1) consulted with the petitioner to ascertain his contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Addison*, 2023 IL 127119, ¶ 20.

¶ 15    The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel provided reasonable assistance, and substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. A defendant bears the burden of overcoming the presumption of reasonable assistance by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c). *Id.* Our review of an attorney's compliance with Rule 651(c) and of the dismissal of a postconviction petition without an evidentiary hearing is *de novo*. *Id.* ¶ 17.

¶ 16    Here, postconviction counsel filed a facially valid Rule 651(c) certificate. Therefore, the presumption exists that Torres received reasonable assistance of postconviction counsel. *People v. Hayes*, 2016 IL App (3d) 130769, ¶ 12. Torres acknowledges that counsel filed a Rule 651(c) certificate but argues that postconviction counsel's deficiencies rebut this presumption.

¶ 17    Again, Torres claims that postconviction counsel provided unreasonable assistance where she failed to amend his *pro se* petition to allege (a) that he lacked culpable negligence in filing his postconviction petition late, (b) the "new claim" she raised at oral argument that the interpreter did not correctly translate what he was saying in court, and (c) that by pleading guilty he did not waive his claims.

¶ 18    The Act states that if, as here, a defendant does not file a direct appeal, "the postconviction petition shall be filed no later than 3 years from the date of conviction, unless the petition alleges facts showing that the delay was not due to his culpable negligence." 725 ILCS 5/122-1(c) (West 2022); *People v. Perkins*, 229 Ill. 2d 34, 43 (2007) (If a petitioner does not file his postconviction petition within the limitations period, the Act requires the petitioner to allege facts demonstrating that the delay was not due to his culpable negligence). A defendant has the burden of establishing that the delay was not due to his culpable negligence. *People v. Mitchell*, 296 Ill. App. 3d 930, 933 (1998). If such allegations are absent, the trial court must dismiss, upon the State's motion, the petition as untimely at the second stage. *Id.*

¶ 19    "Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any *available* facts necessary to establish that the delay was not due to the petitioner's culpable negligence." (Emphasis added). *Perkins*, 229 Ill. 2d at 49. To comply with this duty, "counsel must inquire of the petitioner whether there is any excuse for the delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner." *Id.* at 50. "Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims." *Id.*

¶ 20    Torres pled guilty on October 5, 2012. His *pro se* petition was filed over seven years later,

on January 15, 2020. Torres did not allege that he lacked culpable negligence in filing his untimely *pro se* petition. In its motion to dismiss, the State argued that Torres's petition was time barred and that he failed to allege facts to show that he lacked culpable negligence for his untimely petition.

¶ 21     We find that Torres has failed to overcome the presumption of reasonable assistance raised by counsel's Rule 651(c) certificate. The record reflects that counsel consulted with Torres with an interpreter present, reviewed the record, and investigated his claims. While counsel is required to amend a postconviction petition to allege a lack of culpable negligence for filing an untimely petition if such facts exist (*Perkins*, 229 Ill. 2d at 49), there is "nothing in the record" that any such facts were available here and "[w]e cannot assume there was some other excuse counsel failed to raise for the delay in filing." *Id.* at 51. Torres's *pro se* petition did not allege any lack of culpable negligence. Nor does the record contain any facts that would have excused the late filing of his petition. See *id*. at 51 and 52 ("In this case, however, nothing in the record on appeal contradicts counsel's certificate asserting that there were no amendments necessary for adequate presentation of petitioner's claims."). Nor does Torres identify any such facts on appeal. See *People v. Cotto*, 2016 IL 119006, ¶ 50 (postconviction counsel did not provide unreasonable assistance where "defendant fails to explain what additional information should have been included by counsel in regard to the timeliness issue."). We reject Torres's argument that *Perkins* is distinguishable because postconviction counsel had raised an argument, however weak, to explain why the defendant was not culpably negligent in filing his petition beyond the limitations period. We find this to be a distinction without a difference because our supreme court clearly grounded its decision on the absence of any indication in the record that the untimely filing was not due to the defendant's culpable negligence.

¶ 22    This court will not find unreasonable assistance of postconviction counsel based on a failure to make unspecified arguments. See *Profit*, 2012 IL App (1st) 101307, ¶¶ 28, 29 (finding postconviction counsel did not provide unreasonable assistance where the defendant failed to identify what arguments postconviction counsel could have made in response); *People v. Bernabe*, 2022 IL App (1st) 182475-U, ¶¶ 19, 23 (finding that the defendant had not rebutted the presumption of reasonable assistance where he argued generally that counsel should have amended the petition to address procedural barriers but did not advance any theories as to the specific amendments counsel should have made). Where Torres, with the assistance of able appellate counsel in this court, has not suggested how postconviction counsel could have amended his petition to survive the State's motion to dismiss on timeliness grounds, we cannot find that postconviction counsel acted unreasonably in failing to make these unspecified amendments. See *Profit*, 2012 IL App (1st) 101307, ¶¶ 28-29.

¶ 23    Torres's reliance on *People v. Carson*, 2024 IL App (1st) 221644, is misplaced. There, this court reversed and remanded where the record failed to establish whether postconviction counsel fulfilled the Rule 651(c) duties, particularly the obligation under *Perkins* to amend a facially untimely petition to include any available facts supporting a lack of culpable negligence. *Id*. ¶ 25. The *Carson* court explained that: (1) postconviction counsel had failed to incorporate into the petition potentially relevant facts from an earlier section 2-1401 proceeding; (2) counsel misstated the timeline concerning when the petitioner discovered the basis for his claim; and (3) the record was wholly silent as to what actions counsel took to investigate possible justifications for the late filing. *Id*. ¶¶ 18-24. Given these deficiencies, the court found remand was necessary regardless of the petition's substantive merit to ensure compliance with Rule 651(c). In contrast, the record here

contains no comparable omissions or ambiguities. Postconviction counsel filed a facially valid Rule 651(c) certificate, thereby raising a rebuttable presumption of reasonable assistance and, unlike *Carson*, nothing in the record undermines that presumption. Counsel here was not faced with prior litigation containing potentially exculpatory timeline information, nor did counsel operate under a misapprehension about the petition's timeliness. More critically, Torres has never identified, before the trial court or on appeal, any factual basis for asserting a lack of culpable negligence.

¶ 24     In the absence of such facts, postconviction counsel had no obligation to amend the petition to make an unsupported claim. Indeed, as our supreme court recently noted in *People v. Huff*, 2024 IL 128492, where postconviction counsel files a Rule 651(c) certificate, "[i]t is presumed from the lack of an amendment [to the *pro se* postconviction petition] that there were none to be made." *Id.* ¶ 24 (citing *Perkins*, 229 Ill. 2d at 50). For that very reason, in recently rejecting a defendant's ineffective assistance claim, the court in *People v. Guise*, 2024 IL App (1st) 210569-U, held that *Perkins* does not require, notwithstanding the filing of a Rule 651(c) certificate, that the record affirmatively show that counsel asked the defendant why his petition was untimely. *Id.* ¶¶ 34-36. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) ("a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes").

¶ 25     With respect to counsel's obligation to withdraw, Torres argued in his opening brief that if postconviction "counsel discovered there were no facts to excuse the late filing, counsel should have moved to withdraw." This is his only mention of counsel's obligation to withdraw in his opening brief. In his reply brief, Torres argued the fact that "counsel chose to stand on the *pro se* petition, as opposed to requesting to withdraw as counsel, tended to show that counsel believed

the claims had merit." Now, on rehearing, Torres leans in on postconviction counsel's professional and ethical obligations, arguing he is,

> "not contending that post[]conviction counsel needed to, in fact, withdraw. Rather, Torres argued that because counsel did not move to withdraw and instead presented Torres's substantive claims she needed to address the State's claim of procedural default. *Perkins*, 229 Ill. 2d at 49-51. And had counsel been unable to ascertain facts to argue Torres lacked culpable negligence, the petition would have been *facially frivolous and the proper procedure was to withdraw*." (Emphasis added).

In other words, Torres claims that if there were no facts to excuse the late filing of his petition, postconviction counsel was ethically obligated to withdraw because she could not pursue a meritless or frivolous claim. And because postconviction counsel did not withdraw here, there must have been facts that postconviction counsel could have alleged to show that Torres was not culpably negligent for filing beyond the limitations period. We note that the theory Torres now advances was not sufficiently developed in his opening brief. A party may not raise arguments for the first time in a petition for rehearing. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *People v. Grigorov*, 2017 IL App (1st) 143274, ¶ 23. Nevertheless, we disagree with Torres's theory because the dichotomy he presents rests on a faulty premise.

¶ 26    In *Huff*, the defendant's petition reached the second stage by default, that is, without the court's determination that the merits of the petition warranted second stage review. 2024 IL 128492, ¶ 29. Our supreme court granted leave to appeal to decide whether postconviction counsel can permissibly choose to stand on a petition known to be frivolous, but the court did not reach that question. Instead, it found that postconviction counsel did not have an "ethical duty to

withdraw" because nothing in the record showed that counsel knew that the defendant's petition was "frivolous or patently without merit." *Id*. ¶¶ 29-30.

¶ 27     As in *Huff*, Torres's petition was advanced to the second stage by default, that is, without a determination of the merits. Also as in *Huff*, there is no indication from the record in this case that counsel knew that Torres's petition was frivolous or patently without merit. *Id*. ¶¶ 29, 34. Contrary to the predicate for Torres's argument, the mere untimeliness of a petition does not make it frivolous or patently without merit. *People v. Boclair*, 202 Ill. 2d 89, 101 (2002) ("If a petition is untimely that does not necessarily mean that the petition lacks merit. *** These terms [frivolous and patently without merit] do not include issues of timeliness."). See also *People v. Hodges*, 234 Ill. 2d 1, 16 (2009) (A petition is frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact. A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation."); cf. *Downing v. Chicago Transit Auth.*, 162 Ill. 2d 70, 77 (1994) ("We disagree that a summary judgment, 'by definition,' means a judgment on the merits. Although a judgment on the merits will oftentimes be the reason for granting summary judgment, this is not always the case. When a summary judgment is granted because the statute of limitations has run, the merits of the action are never examined. To label such an order as an adjudication on the merits would be the quintessential act of exalting form over substance."). Thus, a petition may be meritorious even if it is untimely. Moreover, the "time limitations in the Act should be considered as an affirmative defense and can be raised, waived, or forfeited, by the State." *Id*.; *Guise*, 2024 IL App (1st) 210569-U, ¶ 44, n. 3 ("failure to assert a lack of culpable negligence does not render the claims in an untimely initial petition 'frivolous,' as the State may waive or forfeit the untimeliness

defense.").

¶ 28    Nothing in *Huff* required postconviction counsel to withdraw from representing Torres merely because his petition was time-barred. APD Price-Horton indicated that she believed Torres's postconviction petition "correctly stated his due process violation." There was no indication that she believed the petition to be frivolous or without merit. Therefore APD Price-Horton had no ethical duty to withdraw. See *People v. Willis*, 2025 IL App (1st) 232204, ¶ 33 ("We can imagine few instances in which an attorney would admit on the record that a defendant's petition is frivolous or patently without merit. In fact, making such an admission in court would likely raise concerns as to whether the attorney is zealously advocating for his or her client. See Ill. R. Prof'l Conduct (2010) R. 1.2(a), (d)(2) (eff. Jan. 1, 2016) (a lawyer 'shall abide by a client's decisions concerning the objectives of representation' and may 'counsel or assist a client to make a good-faith effort to determine the validity, scope, meaning or application of the law'). Absent such an extraordinary admission, we decline to tell postconviction counsel she had a duty to cease representing defendant."). Hence, that postconviction counsel here did not withdraw when faced with the State's motion to dismiss Torres's petition on timeliness grounds does not suggest that there were facts postconviction counsel could have alleged in an amended petition to show that Torres was not culpably negligent in filing his petition beyond the three-year limitations period. To the contrary, postconviction counsel's Rule 651(c) certificate proves just the opposite, that no further facts could have been alleged by Torres to overcome the timeliness bar.

¶ 29    Because Torres failed to identify any basis to excuse the untimeliness of this petition, he did not rebut the presumption that postconviction counsel provided reasonable assistance. *Id.*

¶ 30    Parenthetically, we also note that the court did not dismiss Torres's petition based on

timeliness alone. Rather, the court found that Torres's claim that he did not understand the plea proceedings to be rebutted by the record. The court noted that the record showed that Torres was properly admonished and repeatedly confirmed his understanding of the proceedings through the interpreter. Torres never expressed any confusion. Nor has Torres identified any aspect of the colloquy during his plea hearing that he did not understand or any aspect of what he said or what others said that was not correctly translated. The court further found that his other claims lacked the constitutional basis necessary to be considered in a postconviction petition. See *Cotto*, 2016 IL 119006, ¶ 50 (rejecting the defendant's argument that postconviction counsel provided unreasonable assistance where the trial court reviewed the defendant's claims in his untimely petition on their merits).

¶ 31    Nevertheless, because the trial court properly dismissed defendant's postconviction petition as untimely, we need not reach the merits of Torres's other unreasonable assistance claims. See *Perkins*, 229 Ill. 2d at 41 ("Under the Act, a petitioner's claims cannot be presented if they are untimely and the petitioner has not alleged facts showing the delay in filing was not due to his culpable negligence.").

¶ 32                                    CONCLUSION

¶ 33    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 34    Affirmed.