2025 IL App (1st) 232204

No. 1-23-2204

Opinion filed June 2, 2025.

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 00 CR 2649 |
| | ) | |
| TERRANCE WILLIS, | ) | The Honorable |
| | ) | Timothy J. Joyce, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Justice Cobbs concurred in the judgment and opinion.
Justice Pucinski dissented, with opinion.

**OPINION**

¶ 1    Defendant Terrance Willis appeals the second-stage dismissal of his successive postconviction petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). On appeal, he argues that postconviction counsel provided unreasonable assistance by failing to amend his petition as necessary to adequately present his juvenile sentencing claim. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3      In brief, the record reveals the following. On March 6, 2001, defendant pled guilty to

attempted first degree murder in exchange for 23 years in prison. See 720 ILCS 5/8-4(c)(1) (West

1998) (Class X sentencing for attempted murder); see also 730 ILCS 5/5-8-1(a)(3) (West 1998)

(6- to 30-year sentence for Class X felonies). The factual basis established that on December 23,

1998, defendant was in the Juvenile Detention Center, awaiting sentence for murder in an unrelated

case (97 CR 32292). While there, he stabbed an attendee in the neck and attempted to escape.

Defendant, who was 16 years old at that time, was subsequently transferred to adult criminal court.

Because defendant committed this attempted murder while detained for the murder case (97 CR

32292), his negotiated 23-year sentence was to be served consecutively to the 30-year sentence he

received for murder, as mandated by statute.[1] See 730 ILCS 5/5-8-4(i) (West 1998). Defendant

was to serve his 23-year sentence at 85% and his 30-year sentence at 50%.[2] Defendant did not file

a motion to withdraw his guilty plea or a direct appeal.

¶ 4      Defendant subsequently filed a number of unsuccessful *pro se* postconviction challenges,

including an initial postconviction petition in 2004. See *People v. Willis*, 367 Ill. App. 3d 1096

(2006) (table) (unpublished order under Illinois Supreme Court Rule 23) (affirming dismissal of

defendant's first postconviction petition and petition for relief from judgment); *People v. Willis*,

---

[1]The limited record indicates that defendant committed murder (97 CR 32292) at age 15 but was transferred to adult criminal court. Following a trial in that case, he was found guilty on December 15, 1998, and sentenced in June 1999. The parties do not dispute the applicability of section 5-8-4(i) of the Unified Code of Corrections (730 ILCS 5/5-8-4(i) (West 1998)).

[2]The Illinois Department of Corrections (IDOC) database reflects that defendant's admission date was June 18, 1999, his projected parole date is March 24, 2028, and his projected discharge date is March 26, 2031. See *Internet Inmate Status*, Ill. Dep't of Corr., https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=K74561 (last visited May 20, 2025) [https://perma.cc/NT5Z-BYGY]; see also *People v. Castillo*, 2022 IL 127894, ¶ 40 (courts may take judicial notice of records from the IDOC).

388 Ill. App. 3d 1140 (2009) (table) (unpublished order under Illinois Supreme Court Rule 23) (affirming the denial of defendant's motion for leave to file a successive postconviction petition); *People v. Willis*, No. 1-13-0834 (2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (granting counsel leave to withdraw and affirming the denial of defendant's petition for writ of *mandamus*). During the various ongoing postconviction proceedings, in 2012, the United States Supreme Court held in *Miller v. Alabama*, 567 U.S. 460, 479 (2012), that the eighth amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. On the heels of that decision, in 2014, defendant filed a *pro se* motion for leave to file a successive postconviction petition. He alleged that, based on *Miller*, his sentences in this case (00 CR 2649) and in the murder case (97 CR 32292) together formed an unconstitutional life sentence of 53 years. The court denied the motion, ruling that *Miller* applied only to mandatory life sentences. On appeal, we affirmed the judgment after granting counsel's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987). *People v. Willis*, No. 1-14-2006 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 5    In August 2016, defendant filed a *pro se* petition for relief under the Habeas Corpus Act (735 ILCS 5/10-101 to 10-137 (West 2016)), challenging his transfer to adult criminal court in his attempted murder case (00 CR 2649). Assistant Public Defender (APD) Timothy Leeming thereafter appeared on defendant's behalf as to the *habeas* petition, although nothing in the report of proceedings indicates that the court specifically appointed counsel. Following a hearing and admonishments, the court ultimately recharacterized the pleading as a successive postconviction petition, granting leave to file in June 2017, and also granted APD Leeming's request to file a supplemental petition and a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1,

2017). See *People v. Pearson*, 216 Ill. 2d 58, 68 (2005) (noting, pleadings may be recharacterized as successive postconviction petitions). In doing so, the court did not make a contemporaneous finding that defendant had established cause and prejudice under the Act. The record, however, suggests the court believed it had done so, and the court later stated, "the reason I moved the petition on to the second stage in the first instance was because" the transfer issue had merit based on supreme court law.[3]

¶ 6    Relevant to the present appeal, APD Leeming's supplemental postconviction petition again stated a *Miller*-based claim. Relying on this court's ruling in *People v. Buffer*, 2017 IL App (1st) 142931, defendant alleged that he effectively received a 53-year *de facto* life sentence, as his 23-year sentence was mandated to be served consecutively to the 30-year sentence entered in the murder case (97 CR 32292). Defendant asserted his "life sentence" was imposed without consideration of his youth and its attendant characteristics. Notably, our supreme court subsequently affirmed that appellate court judgment, ruling that the protections outlined in *Miller* apply to juvenile offenders who have received a *de facto* life sentence, *i.e.*, a prison sentence of more than 40 years. *People v. Buffer*, 2019 IL 122327, ¶ 42.

---

[3]At the April 2017 hearing on the *habeas* petition, APD Leeming appeared with defendant also present and stated that defendant wished to file a *Miller* claim. APD Leeming then requested that the trial court recharacterize the *habeas* petition as one filed under the Act. The trial court specifically admonished defendant that it could recharacterize his *habeas* petition, and if it did so, the pleading would be subject to the strictures of the Act requiring that defendant establish cause and prejudice. The court then stated that defendant had the opportunity to refile the pleading under the Act *pro se* or with APD Leeming's help. *Cf. Pearson*, 216 Ill. 2d at 68 (noting, a court must give *the litigant* an opportunity to withdraw or amend the pleading). At the next hearing, in June 2017, the court stated that it didn't recall the status of the case very well, but it presumed that leave to file the successive petition had been granted because "[o]therwise, I don't know why counsel would have been appointed in the first place." The State did not object, and as set forth, the court at a subsequent hearing stated it had found the transfer issue had merit.

¶ 7    The State filed a motion to dismiss defendant's petitions, arguing in part that the postconviction court had "no authority" to address the murder conviction and that defendant was precluded from adding the "sentences together" from two different cases in two different courtrooms. As such, the State argued that defendant's 23-year sentence for attempted murder was not a *de facto* life sentence and his voluntary guilty plea waived his constitutional claims. The State also asserted that the doctrine of *res judicata* barred defendant's *Miller* claim, as this court had already affirmed the denial of defendant's prior *Miller* claim. See *Willis*, No. 1-14-2006 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8    In 2018, APD Leeming retired, and new counsel, APD Nicole Nesbit, was assigned to represent defendant on the State's already-filed motion to dismiss. APD Nesbit filed a response, maintaining that defendant was subject to a 53-year consecutive sentence. She asserted that this amounted to a *de facto* natural life sentence, and although defendant "pled guilty to the charge, the sentence did not contemplate the *Miller* mitigation factors." APD Nesbit argued that defendant satisfied cause and prejudice because *Miller* was a substantive rule not previously available and should apply retroactively to defendant's sentence.[4]

¶ 9    At the ensuing hearings, APD Nesbit asked that she be permitted to "join both matters together," after the State noted that the murder case (97 CR 32292) was not pending "anywhere in the court system." The court denied the request, declaring it did not have the authority to consider the murder case (97 CR 32292). The court, however, reserved ruling on the transfer issue. On a subsequent date, the court appeared to reconsider the *Miller* issue, including the murder case, based

---

[4]Our supreme court recently clarified in *People v. Griffin*, 2024 IL 128587, ¶ 69, that any new claims added to a successive petition at the second stage of proceedings still must satisfy the cause-and-prejudice test and are subject to challenges by the State for failure to meet that test.

on the developing case law in juvenile sentencing. APD Nesbit clarified that her office had challenged only defendant's "aggregate" sentence. Both APD Nesbit and the State responded that they would need to review the transcript in the murder case, which was simply not then pending before the court. APD Nesbit noted, "I guess I would have to re-file with that case included." The court then said it had mistakenly believed the murder case was pending before it and apologized to the parties for not "paying attention."

¶ 10    In 2021, the court granted the State's motion to dismiss in full. As to the *Miller* issue, the postconviction court relied on *People v. Dorsey*, 2021 IL 123010, ¶ 64, wherein our supreme court concluded that if a juvenile offender could be released based on applicable sentencing credits within 40 years or less of incarceration, he does not have a *de facto* life sentence under *Buffer*. The court concluded that with the applicable sentencing credits in this case, defendant was eligible to be released after 34½ years, which foreclosed his *Miller* claim. Although the murder case was not pending before the court, it appeared to also consider the sentence in isolation, as well as in the aggregate with the attempted murder case, when rejecting defendant's *Miller* claim.

¶ 11    Defendant appealed, and we reversed and remanded with instructions for APD Nesbit to comply with Rule 651(c). *People v. Willis*, No. 1-21-1404 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We reasoned that, although defendant's first counsel, APD Leeming, had filed a Rule 651(c) certificate, counsel attested therein that he did not have access to the sentencing portion of the guilty plea transcript, which evidently was later made available as it was included in the appellate record. We ruled APD Leeming's 651(c) certificate did not create a presumption of reasonable assistance because counsel failed to perform one of the three essential duties enumerated in the rule, *i.e.*, examining "the record of the proceedings" at the

plea hearing. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Moreover, APD Nesbit had not filed a Rule 651(c) certificate certifying she had reviewed those parts of the record. Thus, we reversed and remanded the cause in 2023. See *People v. Addison*, 2023 IL 127119, ¶¶ 35, 37.

¶ 12    On remand, APD Nesbit filed a Rule 651(c) certificate, stating she had complied with the rule. She explained that she had reexamined the transcripts from "all proceedings" and, "as [she] previously had done," reexamined the plea and sentencing transcript. Additionally, she had examined the aforementioned appellate decision (*Willis*, No. 1-21-1404 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c))). APD Nesbit also stated she had not made any amendments to the prior postconviction pleadings, which adequately set forth defendant's claims. The State filed a new motion to dismiss defendant's postconviction pleadings, restating its prior arguments and adding that defendant had waived his *Miller* claim based on *People v. Jones*, 2021 IL 126432, ¶¶ 13, 26, in which our supreme court held that a voluntary guilty plea waives constitutional errors, including eighth amendment violations under *Miller*. The court dismissed the petition on the State's motion, again citing *Dorsey* and adding that defendant's negotiated guilty plea foreclosed his *Miller* claim under *Jones*. Defendant appealed.

¶ 13                                   II. ANALYSIS

¶ 14    On appeal, defendant now argues that postconviction counsel provided unreasonable assistance by failing to shape his claim of a sentencing violation into its proper legal form. Under the Act, a criminal defendant may institute a proceeding "if the person asserts that *** in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a) (West 2016). The Act contemplates the filing of only a single petition. *Dorsey*, 2021

IL 123010, ¶ 32; 725 ILCS 5/122-1(f), 122-3 (West 2016) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."). Thus, a defendant faces "immense procedural default hurdles" in bringing a successive postconviction petition and must obtain leave of court to do so. (Internal quotation marks omitted.) *Dorsey*, 2021 IL 123010, ¶ 32. Defendant may obtain leave of court to file a successive postconviction petition by demonstrating cause for his failure to bring the claim in his initial postconviction proceedings and prejudice from that failure. 725 ILCS 5/122-1(f) (West 2016). The cause-and-prejudice test is used to determine " 'whether fundamental fairness requires that an exception be made to section 122-3 so that a claim raised in a successive petition may be considered on its merits.' " *People v. Griffin*, 2024 IL 128587, ¶ 66 (quoting *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)).

¶ 15    Here, defendant initially filed a petition for *habeas corpus* relief, challenging only his juvenile transfer, but was then granted leave to file the pleading as a third successive postconviction petition. See *People v. Sanders*, 2016 IL 118123, ¶ 25 (circuit court may still rule on a successive petition where the defendant does not seek leave but supplies an adequate basis to determine whether cause and prejudice are demonstrated). The parties agree that his petition therefore advanced to second-stage proceedings, notwithstanding that defendant already had been appointed counsel (see 725 ILCS 5/122-4 (West 2016)) and the trial court did not make a contemporaneous finding as to cause and prejudice. As set forth, with the aid of counsel, defendant added the *Miller* claim now at issue, arguing a substantial constitutional violation, and the State filed responsive pleadings (*id.* § 122-5).[5] See *People v. Robinson*, 2020 IL 123849, ¶ 43 (if leave to file is granted, a successive petition is docketed for second-stage proceedings).

_____

[5]Although this case presents some procedural irregularities, the parties on appeal do not dispute that leave to file defendant's successive petition was granted. See *People v. Tidwell*, 236 Ill. 2d 150, 161

¶ 16    Where, as here, a defendant challenges his attorney's representation, we observe there is no constitutional right to the assistance of counsel in postconviction proceedings, as the right to counsel is "a matter of legislative grace." *People v. Custer*, 2019 IL 123339, ¶ 30. At the second stage, "a postconviction petitioner is entitled only to the level of assistance granted by the Act," *i.e.*, "a reasonable level of assistance." (Internal quotation marks omitted.) *Addison*, 2023 IL 127119, ¶ 19. This standard is "significantly lower than the one mandated at trial by our state and federal constitutions." (Internal quotation marks omitted.) *People v. Huff*, 2024 IL 128492, ¶ 21. Postconviction counsel is appointed "not to protect postconviction petitioners from the prosecutorial forces of the State but to shape their complaints into the proper legal form and to present those complaints to the court." *Addison*, 2023 IL 127119, ¶ 19.

¶ 17    To that end, Rule 651(c) requires that postconviction counsel certify that she has (1) "consulted with petitioner by phone, mail, electronic means or in person" to ascertain the petitioner's claims; (2) "examined the record of the proceedings at the trial"; and (3) "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "Substantial compliance with Rule 651(c) is sufficient." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Counsel's duty of

---

(2010) ("[A] successive postconviction petition is not considered 'filed' *** until leave is granted, a determination dependent upon a defendant's satisfaction of the cause-and-prejudice test."); see also *Sanders*, 2016 IL 118123, ¶ 25 (trial court may rule on a successive postconviction petition even where leave to file has not been sought, when documents submitted by petitioner supply an adequate basis to determine whether the petition has sufficiently alleged cause and prejudice). In any case, we review *de novo* a trial court's second-stage dismissal of a postconviction petition. *People v. Pingelton*, 2022 IL 127680, ¶ 28; see *People v. McDonald*, 2016 IL 118882, ¶ 32 (recognizing that under *de novo* review, we are not bound by the trial court's reasoning). But see *People v. Ford*, 2022 IL App (1st) 211538, ¶¶ 1, 3-5 (vacating the second-stage dismissal of the defendant's postconviction petition where the trial court "allowed" the petition to be filed but did not enter an express ruling on whether defendant satisfied the cause-and-prejudice test at the leave-to-file stage).

reasonable assistance extends to all claims postconviction counsel identified and included in the amended petition, including claims added by counsel after consulting with the petitioner. *People v. Agee*, 2023 IL 128413, ¶¶ 44-46. That said, defendant is " 'not entitled to the advocacy of [postconviction] counsel for purposes of exploration, investigation and formulation of potential claims.' " *People v. Collins*, 2021 IL App (1st) 170597, ¶ 39 (quoting *People v. Davis*, 156 Ill. 2d 149, 163 (1993)).

¶ 18    Postconviction counsel's certification under Rule 651(c) creates a rebuttable presumption that counsel provided the petitioner with reasonable assistance, absent an affirmative showing otherwise in the record. *Custer*, 2019 IL 123339, ¶ 32. It is the defendant's burden to overcome that presumption by showing postconviction counsel did not substantially comply with the rule. *Addison*, 2023 IL 127119, ¶ 21. The defendant may do so by, *inter alia*, showing that postconviction counsel did not make all necessary amendments to the *pro se* petition, such as those needed to overcome procedural bars. *Id.* We review *de novo* counsel's substantial compliance with Rule 651(c)'s requirements, based on the unique facts of this case. See *People v. Williams*, 2025 IL 129718, ¶ 43; *People v. Smith*, 2020 IL App (1st) 181220, ¶ 13.

¶ 19    Here, defendant concedes that he didn't receive a *de facto* life sentence in violation of the eighth amendment (U.S. Const., amend. VIII) under *Miller*. Because of the applicable sentencing credits, he's eligible to be released after serving 34½ years. Thus, he is admittedly not serving a life sentence. See *Dorsey*, 2021 IL 123010, ¶ 64. He also concedes that he waived any constitutional challenge to his attempted murder sentence by pleading guilty (see *Jones*, 2021 IL 126432, ¶ 20) and that the doctrine of *res judicata* bars his *Miller*-based claim because he raised it

in a prior postconviction petition (see *Willis*, No. 1-14-2006 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)); see also *Dorsey*, 2021 IL 123010, ¶ 31).

¶ 20　In spite of these concessions, defendant nonetheless argues that the record rebuts the presumption that postconviction counsel complied with Rule 651(c), as counsel failed to make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Specifically, defendant argues that counsel failed to amend his petition to add the separate murder case (97 CR 32292) to the postconviction proceedings. He also asserts counsel failed to attach supporting evidence to corroborate his sentencing claim, *i.e.*, transcripts from the proceedings in the murder case and other documents relating to juvenile sentencing. He maintains these amendments were vital to overcome the procedural deficiencies identified, including his waiver of any challenge to his attempted murder conviction, and to inject his *Miller* claim with substance. Defendant maintains, for example, that the amendment would have provided the court with the authority to reduce his 30-year murder sentence. We find neither alleged omission by postconviction counsel rebuts the presumption that counsel provided reasonable assistance in substantial compliance with Rule 651(c).

¶ 21　As an initial matter, defendant's underlying juvenile sentencing claim is essentially an attempt to challenge the mandatory consecutive term imposed on his guilty plea conviction, consisting of the sentence in this case (00 CR 2649), plus in the unrelated murder case (97 CR 32292). We find no support that defendant can even bring such a claim.

¶ 22　Historically, "consecutive sentences do not constitute a single sentence and cannot be combined as though they were one sentence for one offense." *People v. Carney*, 196 Ill. 2d 518,

530 (2001). Rather, each conviction has a discrete, individual sentence. *Id.* In other words, consecutive sentences determine only *the manner* in which the sentences for each offense must be served. *Id.* An exception to this legal principle apparently exists for juveniles, as set forth in *People v. Reyes*, 2016 IL 119271. There, the defendant was sentenced to 45 years for murder and 26 years for each of the attempted murders that he committed in a single course of conduct when he was a juvenile. *Id.* ¶ 2. The trial court determined that the terms were statutorily mandated to run consecutively. *Id.* In a *per curiam* opinion, our supreme court held this aggregate sentence violated the eighth amendment under *Miller*, finding that *Miller* prohibits a mandatory life term for offenses committed in a single course of conduct. *Id.* ¶¶ 8-9.

¶ 23    Here, however, the offenses were not committed in a single course of conduct. Rather, they were separate and unrelated offenses, each with their own case number. As we recently noted, "to mount a constitutional challenge by aggregating multiple sentences arising from different incidents" is a "dubious proposition" under both the eighth amendment and the proportionate penalties clause. See *People v. Anderson*, 2024 IL App (1st) 220864, ¶ 11. Defendant points to no binding legal authority showing that he can raise a juvenile sentencing challenge based on the total of sentences imposed in multiple, unrelated convictions. Although *Rodriguez* found that *Miller* and its progeny applied to mandatory consecutive sentences imposed in separate cases, it has since been vacated. *People v. Rodriguez*, 2018 IL App (1st) 160030, ¶¶ 67-74; *People v. Rodriguez*, No. 124174 (Ill. Mar. 25, 2020) (supervisory order) (vacating this court's opinion).

¶ 24    Furthermore, it is even more dubious that postconviction counsel's duties under Rule 651(c) required her to initiate a new postconviction proceeding in a separate case. Illinois courts have consistently held that Rule 651(c) does not require a postconviction counsel to add new

claims to a *pro se* petition. See, *e.g.*, *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006); *Davis*, 156 Ill. 2d at 163; *People v. Buchanan*, 2024 IL App (1st) 221579-U, ¶ 26; *Collins*, 2021 IL App (1st) 170597, ¶ 49.[6] By extension, we cannot possibly find that the Act or Rule 651(c) would further require postconviction counsel to file an entirely new postconviction proceeding in a different case. Given that defendant filed his *pro se* successive postconviction petition solely seeking relief in his attempted murder case (00 CR 2649), the postconviction proceeding was limited to challenging that conviction. See 725 ILCS 5/122-1(a) (West 2016) (a criminal defendant may file a petition raising a constitutional claim "in the proceedings which resulted in his or her conviction"); *People v. Greer*, 212 Ill. 2d 192, 203 (2004) (postconviction procedures entail review of the prior proceeding that resulted in a defendant's conviction).

¶ 25 As set forth in the supplemental postconviction petition, APDs Leeming and Nesbit in effect sought to challenge the mandatory consecutive sentencing provision that applied following defendant's attempted murder conviction and that, prior to *Dorsey*, rendered his sentence a *de facto* life term. See 730 ILCS 5/5-8-4(i) (West 1998). They effectively argued that the mandatory consecutive sentence stripped the trial court's ability to utilize discretion in analyzing the *Miller* sentencing factors. The attorneys, however, did not challenge the underlying murder conviction itself. APD Nesbit confirmed this at the hearing before the court. Postconviction counsel therefore did not provide unreasonable assistance, as she was under no obligation to file an entirely new postconviction proceeding on defendant's behalf or to bolster defendant's petitions with the record of an unrelated case. As the State observes, defendant could not escape waiver of his *Miller* claim

---

[6]*Buchanan* is cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

due to his guilty plea (see *Jones*, 2021 IL 126432, ¶ 20) merely by attaching to his petition the transcript from the murder case and documents on juvenile sentencing.

¶ 26 Notwithstanding our conclusion, it's notable that APD Nesbit did request to "join both matters together," but the postconviction court denied this request. Although the court at one point appeared to reconsider this decision, it ultimately ruled that defendant was not entitled to relief in the present petition.

¶ 27 Defendant also contends that counsel was unreasonable for failing to amend his juvenile sentencing claim to include a challenge to his sentences under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). He argues that, because he had already raised a *Miller*-based eighth amendment claim in a prior collateral challenge, the doctrine of *res judicata* barred him from raising the claim again. Thus, he maintains that a proportionate penalties clause claim would have been a more appropriate avenue for challenging his sentence because it would have enabled him to overcome the procedural bar of *res judicata*. Defendant's proposed proportionate penalties clause claim also seeks to challenge his conviction in the unrelated murder case (97 CR 32292). For the reasons stated, we find that defendant fails to rebut the presumption that postconviction counsel provided reasonable assistance.

¶ 28 Again, defendant pled guilty in the instant case and, thus, waived *any* constitutional challenge to his 23-year sentence and the consecutive sentencing provision. See *Jones*, 2021 IL 126432, ¶ 20. Defendant could have raised a proportionate penalties challenge in a prior proceeding, even before *Miller*, as Illinois courts had expressly recognized the "special status" of juvenile offenders before *Miller* was decided. See *People v. Clark*, 2023 IL 127273, ¶¶ 61, 67. Defendant therefore forfeited any challenge to his sentence based on the proportionate penalties

clause. See *Dorsey*, 2021 IL 123010, ¶ 31 (forfeiture precludes issues that could have been raised but were not). Any juvenile sentencing claim defendant could have raised based on the proportionate penalties clause would not have been any more effective than the *Miller*-based claim defendant had already raised. Postconviction counsel was not unreasonable for declining to advance a frivolous, forfeited claim. *Greer*, 212 Ill. 2d at 209.

¶ 29   Ultimately, defendant fails to point to any additional facts or arguments that postconviction counsel could have raised from this record to form a viable juvenile sentencing claim or that counsel had better options available for presenting such a claim. See *Williams*, 2025 IL 129718, ¶¶ 46, 49. With counsel's Rule 651(c) certificate, we presume from the lack of an amendment that there were none to be made. *Huff*, 2024 IL 128492, ¶ 24. We therefore must conclude that defendant fails to meet his burden to rebut the presumption that counsel provided reasonable assistance in presenting defendant's petition. *Addison*, 2023 IL 127119, ¶ 21.

¶ 30   Defendant additionally contends that, if his juvenile sentencing claim lacked merit, postconviction counsel had a duty to withdraw. In *Greer*, 212 Ill. 2d 192, our supreme court held that postconviction counsel is not required to continue representing a defendant after determining the defendant's petition is frivolous and patently without merit. *Id.* at 209. In fact, counsel is "*prohibited* from doing so by his or her ethical obligations." (Emphasis in original.) *Id.* at 209. In *Huff*, 2024 IL 128492, the court clarified it could not find postconviction counsel had an "ethical duty to withdraw" unless the record showed counsel knew that the defendant's petition was "frivolous or patently without merit." *Id.* ¶ 29.

¶ 31   In both *Greer* and *Huff*, however, the postconviction attorneys were appointed on petitions that never received first-stage rulings, *i.e.*, a court determination that the petition stated the gist of

a meritorious claim. *Id.* ¶ 9; *Greer*, 212 Ill. 2d at 200, 202. Thus, the attorneys in both *Greer* and *Huff* were appointed to represent defendants whose filings had not been reviewed on the merits by the court. That is not the case here. Our review of the record shows that the court believed defendant's transfer issue may have had merit, and the court stated it had advanced the petition to second-stage postconviction proceedings for that reason. It was not the role of counsel to determine that defendant's petition was frivolous or patently without merit given the court's ruling. As stated in *Huff*, the circuit court, and not counsel, was "the ultimate arbiter of whether the claims in the petition are meritorious." (Internal quotation marks omitted.) *Huff*, 2024 IL 128492, ¶ 29.

¶ 32    We also note that, throughout the present postconviction proceedings, case law in Illinois was rapidly developing regarding how Illinois courts interpret and apply the constitutional rights outlined in *Miller*. See, *e.g.*, *Dorsey*, 2021 IL 123010, ¶ 64; *Buffer*, 2019 IL 122327, ¶ 42. What constitutes a "life sentence," for example, evolved to encompass *de facto* life sentences over 40 years (see *Buffer*, 2019 IL 122327, ¶ 42), thus widening the potential juvenile sentencing challenges to encompass sentencing credits (see *Dorsey*, 2021 IL 123010, ¶ 64), thus narrowing potential juvenile sentencing challenges. Notably, as set forth, *Reyes* prohibited consecutive sentences amounting to a life term for offenses committed in a single course of conduct, as violating *Miller*. However, *Reyes* was a *per curiam* opinion. See Black's Law Dictionary (12th ed. 2024) (defining "*per curiam*" as "attributed to the entire panel of judges who have heard the appeal and not signed by any particular judge"); *Edward v. Carpenter*, 529 U.S. 446, 452 n.3 (2000) (questioning the precedential value of a *per curiam* decision). Although there was no case law in 2023 supporting that consecutive sentences in separate offenses can be considered in the aggregate, in light of *Reyes* and evolving laws, it was not unreasonable for counsel to make that assertion. In

other words, it was not out of the realm of possibility that case law or legislation could still change in defendant's favor.

¶ 33     As was the case in *Huff*, there is no indication in the record that postconviction counsel here knew defendant's petition was frivolous or patently without merit, "rather than merely weak." *Huff*, 2024 IL 128492, ¶¶ 29, 34. Based on our reading of *Huff*, we emphasize this is a difficult burden to meet, as there must be an "indication" in the record that counsel knew the defendant's petition was frivolous or patently without merit. *Id.* ¶¶ 29-30; see *People v. Perkins*, 229 Ill. 2d 34, 51 (2007). We can imagine few instances in which an attorney would admit on the record that a defendant's petition is frivolous or patently without merit. In fact, making such an admission in court would likely raise concerns as to whether the attorney is zealously advocating for his or her client. See Ill. R. Prof'l Conduct (2010) R. 1.2(a), (d)(2) (eff. Jan. 1, 2016) (a lawyer "shall abide by a client's decisions concerning the objectives of representation" and may "counsel or assist a client to make a good-faith effort to determine the validity, scope, meaning or application of the law"). Absent such an extraordinary admission, we decline to tell postconviction counsel she had a duty to cease representing defendant.

¶ 34     We find the record does not rebut the presumption that postconviction counsel provided reasonable assistance in substantial compliance with Rule 651(c). *Custer*, 2019 IL 123339, ¶ 32. Counsel was under no duty to withdraw under these circumstances. See *Huff*, 2024 IL 128492, ¶ 29.

¶ 35                                     III. CONCLUSION

¶ 36     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 37     Affirmed.

¶ 38    JUSTICE PUCINSKI, dissenting:

¶ 39    I agree with the defendant that postconviction counsel failed to properly frame his argument as a proportionate penalties claim, therefore violating Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). I would remand with representation by a different postconviction counsel.

¶ 40    There is no doubt that the crimes committed by this defendant were beyond serious. However, in 2001, reliable research on adolescent brain and behavior development was not widely known. In a perfect legal world, crimes committed by youth in 2001 would be reviewed with 2025 scientific knowledge. Whether this defendant would be successful in his proportionate penalty argument is unknown. But he should at least get the legal representation to make the case.

*People v. Willis*, 2025 IL App (1st) 232204

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 00-CR-2649; the Hon. Timothy J. Joyce, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, Caroline E. Bourland (Alexandra Kirchner, law student), of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (John E. Nowak, Matthew Connors, and Beth Pfeiffer Burns, Assistant State's Attorneys, of counsel), for the People. |