2026 IL App (1st) 240573-U

SECOND DIVISION
April 21, 2026

No. 1-24-0573

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

|  |  |  |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|  | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
|  | ) |  |
| v. | ) | 01 CR 16813 (02) |
|  | ) |  |
| ANTHONY BOYCE, | ) | Honorable |
|  | ) | Steven G. Watkins, |
| Defendant-Appellant. | ) | Judge Presiding |
|  | ) |  |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Postconviction counsel was not unreasonable for failing to amend or supplement petitioner's *pro se* petition.

¶ 2    Anthony Boyce appeals the dismissal of his successive postconviction petition at the second stage of proceedings. He claims his postconviction counsel performed unreasonably by not amending or supplementing his *pro se* petition. We disagree and affirm.

¶ 3                                BACKGROUND

¶ 4    We take the facts from the record and Boyce's direct appeal. See *People v. Boyce*, No. 1-08-0918 (2009) (unpublished order under Supreme Court Rule 23).

¶ 5    In 2001, the State charged Boyce with several counts of murder in connection with the death of Lorenzo Hamilton. The State alleged that Boyce concocted a scheme to scam insurance companies with the help of Latoya Williams, his then-girlfriend, and Patrick Davis, his cousin. At trial, Williams testified that in January 2001, Boyce came up with a plan to take out a life insurance policy on Hamilton, then kill him and collect the payout from the policy. Davis would go to the insurance agency and pretend to be Hamilton, while Willaims would pretend to be his girlfriend and the expectant mother of his child. One company issued a life insurance policy in Hamilton's name and listed Williams as the beneficiary.

¶ 6    Davis then shot Hamilton dead in March 2001. At trial, Williams and Davis, each of whom had pleaded guilty, testified against Boyce and confessed their roles in the scheme while naming Boyce as the ringmaster. The State also presented evidence that, on three occasions in 2000, Boyce arranged for people to allow their legs to be broken, then attempted to orchestrate false claims to auto insurance companies claiming they had been hit by insured cars.

¶ 7    A jury found Boyce guilty of first-degree murder and found that the offense was committed pursuant to an agreement to receive a financial gain. The court sentenced him to natural life in prison. This court affirmed his conviction on direct appeal. *Boyce*, No. 1-08-0918 (2009) (unpublished order under Supreme Court Rule 23).

¶ 8    Boyce filed a postconviction petition in 2010, alleging generally that trial and appellate counsel were ineffective, that a detective in the case who investigated Boyce's alibi committed perjury, that the prosecution committed a *Brady* violation by not disclosing exculpatory statements that Davis made during a supposed "secret discussion" with the State, that he was not read his *Miranda* rights when interviewed by police or allowed to use a phone to call an attorney, and that police incorrectly told his mother that he was not at the police station, which caused her

- 2 -

to file a missing person's report. The petition was summarily dismissed, and Boyce did not appeal the petition's dismissal.

¶ 9 Over the next 12 years, Boyce filed several motions in the circuit court. Two examples: a "Motion for war crimes charges to be filed against" and a "Motion to get poison samples tested and mental and physical examination from license medical physician." All were dismissed by the circuit court.

¶ 10 On April 25, 2022, Boyce filed a handwritten successive postconviction petition. Parts of the petition are hard to read, but as the circuit court understood it, he raised six distinct issues: (1) the State knowingly used fabricated evidence against him while suppressing exculpatory evidence; (2) he was illegally arrested via an investigative alert and not a warrant; (3) trial counsel was ineffective for failing to file a motion to suppress unspecified evidence; (4) he was the victim of poisoning, torture and terrorism; (5) his life sentence violated the Eighth Amendment because he was a juvenile at the time of his offense; and (6) he was actually innocent and his conviction was based on evidence fabricated by the police.

¶ 11 On May 26, 2022, the circuit court held a status hearing on the petition. The court observed that one of the claims in Boyce's petition made an allegation he was actually innocent, but the court did not discuss the other claims, nor did it expressly grant Boyce leave to file a successive petition. Rather, the court simply appointed the public defender and, for all intents and purposes, advanced the entire petition to the second stage of postconviction proceedings.

¶ 12 Counsel was appointed and worked on the case over the next few months. On March 14, 2023, postconviction counsel filed a Rule 651(c) certificate. See Ill. S. Ct. R. 651 (eff. July 1, 2017). In that certificate, counsel swore that he communicated with the petitioner about his claims, that he examined the report of proceedings, common law record, and exhibits in

possession of the Clerk of the Circuit Court, and that he was not amending or supplementing the petition, "as Petitioner's filing provides an adequate presentation of Petitioner's claims."

¶ 13    The State moved to dismiss the petition at the second stage, claiming that Boyce had failed to meet the cause-and-prejudice test required for a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2024); *People v. Pitsonbarger*, 205 Ill. 2d 444 (2002). And Boyce had failed to establish a colorable claim of actual innocence because he failed to attach any supporting evidence, much less any that was newly discovered.

¶ 14    The court dismissed the petition. The court ruled that Boyce did not show cause or prejudice for any of his claims of constitutional error. On the actual-innocence claim, the court found that Boyce did not include any support for his claim of police fabrication via affidavits, evidence, or other supporting documents. This appeal followed.

¶ 15                                    ANALYSIS

¶ 16    On appeal, Boyce abandons his *pro se* petition's claims. Instead, he finds fault with postconviction counsel, claiming his counsel provided unreasonable assistance in not amending or supplementing the petition. Our review of the court's dismissal of a postconviction petition at the second stage, and whether postconviction counsel provided reasonable assistance, is *de novo*. *People v. Williams*, 2025 IL 129718, ¶ 41.

¶ 17    The Post-Conviction Hearing Act allows a prisoner to collaterally challenge a conviction if he can establish a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2022); *People v. Harris,* 224 Ill. 2d 115, 124 (2007). Only one postconviction petition is allowed as a matter of right. 725 ILCS 5/122-1(f) (West 2022). The prisoner may file a successive petition if he can show "cause"—a reason for not raising the claim earlier—and "prejudice"— that the alleged constitutional error "so infected the entire trial that the resulting conviction or

sentence violates due process." *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002); see 725 ILCS 5/122-(1)(f) (West 2022). Every claim raised in a postconviction petition must independently satisfy the cause-and-prejudice standard. *People v. Griffin*, 2024 IL 128587, ¶ 66 (" 'the cause-and-prejudice test must be applied to individual claims, not to the petition as a whole.' " (quoting *Pitsonbarger*, 205 Ill. 2d at 462)).

¶ 18    The one exception to the cause-and-prejudice requirement is a claim of actual innocence based on newly discovered evidence. *People v. Edwards*, 2012 IL 111711, ¶ 23. The petitioner must demonstrate that the evidence is (1) new, (2) material, (3) noncumulative, and (4) of such conclusive character that it would probably change the result on retrial. *People v. Barrow*, 195 Ill. 2d 506, 540-41 (2001).

¶ 19    The petition here contained claims of both constitutional error and actual innocence. The court did not apply the cause-and-prejudice standard to the claims of constitutional error. Rather, after deeming the actual-innocence claim sufficient to advance to the second stage, the court advanced the entire petition. In effect, then, without intending to do so, the court gave Boyce leave to file each claim in his successive petition.

¶ 20    At the second stage, Boyce had a statutory (not constitutional) right to reasonable assistance of counsel. 725 ILCS 5/122-4 (West 2022); *People v. Williams*, 2025 IL 129718, ¶ 43; *People v. Huff*, 2024 IL 128492, ¶ 21. Postconviction counsel's job is to "shape [the petitioner's] complaints into the proper legal form and present those complaints to the court[.]" *People v. Addison*, 2023 IL 127119, ¶ 19.

¶ 21    To put a finer point on it, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) requires that counsel (1) consult with the petitioner to understand his claims, (2) examine the portions of the record relevant to those claims, and (3) make any amendments to the *pro se* petition

necessary to adequately present those claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel need not make amendments that would further a frivolous claim. *Huff*, 2024 IL 128492, ¶ 22; *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Nor is counsel required to raise new claims that the initial petition did not. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006); *People v. Davis*, 156 Ill. 2d 149, 164 (1993).

¶ 22    Here, postconviction counsel filed a Rule 651(c) certificate, swearing that he complied with the mandates of the rule. The filing of this certificate creates a rebuttable presumption of reasonable assistance that Boyce may contradict only with an affirmative showing in the record to the contrary. *Huff*, 2024 IL 128492, ¶ 23. We give great deference to counsel's certificate. Even when counsel does not amend a postconviction petition to respond to an argument by the State, if counsel files the certificate, we must "presume from the lack of an amendment that there were none to be made" (*id*. ¶ 24) unless the record affirmatively suggests otherwise.

¶ 23    For example, in *People v. Perkins*, 229 Ill. 2d 34, 538-39 (2007), cited here by the State, postconviction counsel did not amend the petition despite the State's argument that the petition was untimely. Though the petition was dismissed for untimeliness, the supreme court did not find unreasonable assistance. The court emphasized that it "must give effect to counsel's official representation that he complied with Rule 651(c)" (*id*. at 52), and the lack of an amendment or a compelling argument against untimeliness did "not demonstrate that there was some other excuse counsel could have raised for the delay in filing." *Id*. at 51. The court was adamant that "[w]e cannot assume there was some other excuse counsel failed to raise for the delay in filing." *Id*.

¶ 24    And we reiterate that postconviction counsel is under no duty to amend or supplement a frivolous claim. *Huff*, 2024 IL 128492, ¶ 22; *Greer*, 212 Ill. 2d at 205. That principle fits hand in glove with the presumption of reasonableness attached to the Rule 651(c) certificate. If counsel

does not have facts to add to a petition in good faith, or if amendment would do nothing more than advance a frivolous claim, Rule 651(c) obviously would support counsel's decision not to amend.

¶ 25    Here, Boyce's petition claimed, among other things, that the State withheld evidence from him; that the State used perjured testimony at trial; and that trial counsel was ineffective for failing to move to suppress evidence. But as the court below noted, Boyce did not explain what testimony was perjurious, what evidence was withheld, or what evidence counsel should have moved to suppress. We assume, based on counsel's Rule 651(c) certificate, that counsel had no information to provide—no information he could provide in good faith, at least—to fill in those gaps. *Huff*, 2024 IL 128492, ¶ 22; *Greer*, 212 Ill. 2d at 205. We will not assume, as Boyce would have us, that post-conviction counsel had a good-faith basis to supplement the petition but simply chose not to do so for some unexplainable reason.

¶ 26    Other claims of constitutional error in the petition were beyond saving. Boyce's claim that his arrest was invalid because he was arrested pursuant to an investigative alert, while once a debatable point, has now been disavowed. See *People v. Clark*, 2024 IL 127838, ¶ 63 (arrests pursuant to investigative alerts do not violate Illinois Constitution). His eighth-amendment challenge to his sentence under *Miller v. Alabama*, 567 U.S. 460 (2012), fails because *Miller* only applies to juveniles, and Boyce he was 19 years at the time of the offense. See *People v. Harris,* 2018 IL 121932, ¶¶ 44-45 (defendant who was 18 at time of offense could not assert *Miller* claim). No amendments could have cured the defects in those claims.

¶ 27    Boyce argues that his eighth-amendment *Miller* claim could have been converted into a proportionate-penalties claim. But as noted above, postconviction counsel is not required to add new claims to the petition. *Pendleton*, 223 Ill. 2d at 472; *Davis*, 156 Ill. 2d at 164; *People v.*

*Willis*, 2025 IL App (1st) 232204, ¶ 24. A true eighth-amendment *Miller* challenge is a rather open-and-shut claim, provided that the defendant is under age 18 and sentenced to more than 40 years under a mandatory sentence. See *Harris*, 2018 IL 121932, ¶¶ 44-45. A proportionate-penalties challenge requires proof that the defendant's sentence shocks the moral sense of the community and is a much more intensely fact-specific claim. See *People v. House*, 2021 IL 125124, ¶ 9. Postconviction counsel was under no duty to assert that new claim.

¶ 28 Boyce cannot cite anything in the record that overcomes the presumption that postconviction counsel provided reasonable assistance in presenting his constitutional-error claims.

¶ 29 We reach the same conclusion for Boyce's actual-innocence claim. Boyce's petition alleged an "actual innocence claim in violation of fed state const[itution]." It read: "Because Boyce isn't admitting guilt. But if police manufacture evidence via arrest reports, fake witness[,] whether a person was guilty or not guilty a defendant still [w]as the victim of a false arrest it could be inference it's actual innocence due to the repuls[ive] conduct of police and state atty office."

¶ 30 On appeal, Boyce argues that the petition clearly did not state the proper elements of an actual-innocence claim, namely that defendant present evidence of innocence that is (1) new, (2) material, (3) noncumulative, and (4) of such conclusive character that it would probably change the result on retrial. *People v. Sanders*, 2016 IL 118123, ¶ 24.

¶ 31 Boyce is correct, but it does not automatically follow that post-conviction counsel had a duty to amend this claim. Boyce assumes in his appellate argument that this claim was not frivolous. But counsel conferred with Boyce as required by Rule 651(c) and decided not to amend the claim. He is entitled to the presumption "from the lack of an amendment that there

were none to be made." *Huff*, 2024 IL 128492, ¶ 24. We would further note that counsel advised the court that he discussed the actual-innocence claim with Boyce in person and by phone and that he "attempted to further develop that claim with affidavit support, but was unable to do so."

¶ 32    Boyce has cited nothing in the record to overcome the presumption of reasonable assistance with regard to the actual-innocence claim, either.

¶ 33                                  CONCLUSION

¶ 34    The judgment of the circuit court is affirmed.

¶ 35    Affirmed.